EDWARD O. AVERY v. THE TOWNSHIP BOARD OF THE . TOWNSHIP OF KRAKOW.

*Statute of limitations—Township orders—Mandamus.*

A delay for more than six years to demand payment of township and highway orders, or to apply for *mandamus* to compel such payment, if unexplained, will bar such relief.

*Mandamus.* Submitted January 25, 1889. Denied February 1, 1889.

Relator applied for *mandamus* to compel respondents to pay certain township and highway orders. The facts are stated in the opinion.

*Henry Clothier,* for relator.

*Depew & Rutherford,* for respondents.

CAMPBELL, J. Petitioner asks this Court for a *mandamus* to compel payment of 11 township and highway orders for the aggregate sum of $287.50, which he claims to own, and which he avers respondents have refused to pay him. All but two of these orders were made and accepted in 1880. Two, amounting to $20, were made in 1885. Of these latter, one was payable to Theodore Styba or order, and not indorsed, and one to Theodore Styba or bearer. He claims that when presented the orders

were repudiated as outlawed, and for no other reason. Respondents set up in their answer, in addition to this reason, which they do not deny, an entire ignorance on their part as to the validity or consideration of the orders. They deny any knowledge whether relator owns them. But they aver that no one but Henry Clothier ever appeared before them, or claimed to own them, and append a letter from Clothier to them, which asserts his own title to the orders.

As the respondents admit nothing whatever of any consequence, and put the whole matter at issue, we do not see how relator can recover. His own allegations are not enough, without support from some other legal source. But all of the orders, except two small ones, were made more than six years before the petition was filed, and before Clothier demanded payment. There is nothing in the petition to relieve the case from this disability, and the delay, standing uncontradicted and unexplained, should, of itself, be enough to bar relief. Of the smaller orders, one is not shown to have been indorsed by the payee to whose order it was payable, and as to both of these small orders there is the same lack of admissions of ownership or recognition.

The members of the present town board deny, and the facts indicate they were right in denying, any knowledge concerning the business. It was before their time. The case is different from one where they should from its nature have been able to answer more positively, and we think the issuable character of their answer sufficient for the purposes of defense.

The *mandamus* should be denied as to all the orders.

MORSE and LONG, JJ., concurred.

SHERWOOD, C. J., and CHAMPLIN, J., did not sit.